UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

I M HETEP ARIT MA'AT BEY,

    Plaintiff,

v.

CASE NO. 07-10903
HON. LAWRENCE P. ZATKOFF

OHIO SAVINGS BANK,
FIFTH THIRD BANK,
AMERIQUEST MORTGAGE CORP.,

    Defendants.
_____/

## ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 25th day of May, 2007.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (Docket #30) and Motion for Preliminary Injunction (Docket #29). Defendants have filed a Response Brief. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court has decided Plaintiff's Motions upon the briefs submitted, without this Court entertaining oral arguments.

## I. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. FINDINGS OF THE COURT

The Court has reviewed the Plaintiff's Motions. The Court finds that Plaintiff has not satisfied his burden to require this Court to grant Plaintiff's request for a Temporary Restraining Order or the Motion for Preliminary Injunction. There is no likelihood of success on the merits and it is, at best, debatable whether this Court should become involved in a matter that has been (and may continue to be) litigated in state court, where Plaintiff can seek the same relief he seeks here.

Accordingly, Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction are DENIED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 25, 2007.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290