**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

I M HETEP ARIT MA'AT BEY,

    Plaintiff,                                               CASE No. 07-10903

v.                                                        HON. LAWRENCE P. ZATKOFF

OHIO SAVINGS BANK,
FIFTH THIRD BANK,
AMERIQUEST MORTGAGE CORP.,

    Defendants.
_____/

**OPINION AND ORDER**

       AT A SESSION of said Court, held in the
       United States Courthouse, in the City of Port Huron,
       State of Michigan, on June 13, 2007

       PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

On May 16, 2007, this Court issued an Order to Show Cause, wherein the Court:

1.   "ORDER[ED] the Plaintiff to SHOW CAUSE, in writing, no later than June 5, 2007, why this case should not be dismissed for failure to prosecute" because Plaintiff had not responded timely to Motions to Dismiss and for Summary Judgment filed by Defendants Ohio Savings Bank ("OSB") and Fifth Third Bank ("FTB") on March 16, 2007 and March 20, 2007, respectively.

2.   stated that "if Plaintiff's briefs in response to the Motions to Dismiss and for Summary Judgment filed by OSB and FTB are not filed by June 5, 2007, the Court may consider Plaintiff's failure to prosecute to have prejudiced OSB and FTB and dismiss Plaintiff's case against them, with prejudice."

3.   "ORDER[ED] Plaintiff to file his response to Ameriquest [Mortgage Corp.]'s Motion [to Dismiss and for Summary Judgment filed on May 11, 2007] on or before June 6, 2007." The Court stated that "[i]f Plaintiff fails to file a timely response, the Court shall dismiss Plaintiff's action against Ameriquest."

4. stated that "if and when (on or before June 5, 2007) Plaintiff files a response brief regarding the Motions to Dismiss and for Summary Judgment filed by OSB and FTB, the Court also ORDERS Plaintiff to SHOW CAUSE why this case should not be dismissed on the basis of res judicata and/or collateral estoppel" as to OSB and FTB.

Since the Court issued the Order to Show Cause on May 16, 2007, Plaintiff has filed three documents with the Court. The first two documents, a Motion for Preliminary Injunction and a Motion for Temporary Restraining Order, were filed on May 23, 2007, and were denied by the Court because they failed to meet the standard necessary for the issuance of injunctive relief. The third document, titled

> Commercial Notice of Affidavit in Fact in the Nature Petition to Show Cause to Execute the Laws of the Contract of Libellant's Administrative Remedy in Support of Petition within the Admiralty Pursuant to RCP#3 and #$ for the Petition for Agreement and Harmony in the Nature of a Notice of International Commercial Claim within the Admiralty Administrative Remedy and Libel of Review and Entry of the Conclusive Evidence for Settlement and Closure of the Escrow by Commercial Affidavit/Pleading in Fact and Points and Authorities and Memorandum of Law

(hereinafter, "June Commercial Notice") was filed on June 4, 2007. The June Commercial Notice was accompanied by 17 exhibits.

The Court notes that Plaintiff is proceeding in propria persona Sui Juris in this matter. Therefore, in reviewing the June Commercial Notice, as well as all of the other documents filed by Plaintiff, the Court has looked to the substance of the pleadings rather than the form. *Haines v. Kerner*, 404 U.S. 519 (1972). In looking at the substance of Plaintiff's filings, several things are clear:

A. Despite the Court's Orders and clear statements of the consequences for failure to comply with such Orders, Plaintiff did not respond to the Court's Order to Show Cause in any of the three documents filed after May 16, 2007.

B. Plaintiff did not file a response to the Motion to Dismiss and for Summary Judgment filed by OSB, FTB or Ameriquest, despite being told that his case would be dismissed, with prejudice, if he failed to do so.

C. The subject matter of Plaintiff's Complaint involves a parcel of property over which Plaintiff asserts "Titulus Rights" pursuant to a Private Land Claim filed with the Wayne County Register of Deeds. It appears that this is the same parcel which was the subject of five prior suits in federal court filed by Plaintiff (under the name James Murray) and dismissed by the Court, with prejudice. *See* Case Nos. 06-13327, 06-13329, 06-13330, 06-13331, 06-13332. As such, Plaintiff's action is barred by collateral estoppel[1] and/or res judicata.[2]

D. The subject matter of Plaintiff's Complaint has been litigated in state court. *See* Wayne County Circuit Case No. 06-623719. That case was dismissed with prejudice. As such, Plaintiff's action is barred by collateral estoppel and/or res judicata as a result of that case as well.

E. Plaintiff cites a number of federal statutes but none of them are applicable in this action, including but not limited to, the Foreign Sovereign Immunity Act, the "Suits in Admiralty Act," the Public Vessels Act, and the Bills of Lading Act. As such, the Court finds that there is no subject matter jurisdiction over this case.

---

[1] The doctrine of collateral estoppel precludes relitigation of an issue in a different, subsequent action between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. See *People v Gates,* 434 Mich 146, 154; 452 NW2d 627 (1990); 1 Restatement Judgments, 2d, § 27, p 250. The doctrine is intended to relieve parties of multiple litigation, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Detroit v Qualls,* 434 Mich 340, 357 n 30; 454 NW2d 374 (1990), citing *Allen v McCurry,* 449 US 90, 94; 101 S Ct 411; 66 L Ed 2d 308 (1980). Collateral estoppel bars relitigation of issues where the parties had a full and fair opportunity to litigate those issues in an earlier action. *Arim v General Motors Corp*, 206 Mich App 178, 195; 520 NW2d 695 (1994).

[2] *Res judicata* will apply if (1) the prior action was decided on the merits; (2) the decree in the prior action was a final decision; (3) the matter contested in the second case was or could have been resolved in the first; and (4) both actions involved the same parties or their privies. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich.App. 1, 10 (2003). Michigan courts have broadly defined *res judicata* to bar litigation in the second action not only of those claims actually litigated in the first action, but also every claim arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not. *Sewell v. Clean Cut Mgt., Inc.*, 463 Mich. 569, 757 (2001); *Peterson*, 259 Mich.App. at 11. The test for determining whether two claims arise out of the same transaction or occurrence for *res judicata* purposes is whether the same facts or evidence are essential to the maintenance of the two actions. *Jones v. State Farm Mut. Ins. Co.*, 202 Mich.App. 393, 401 (1993).

For each of the foregoing reasons, *i.e.*, (1) failure to comply with the Court's direct Orders, (2) failure to prosecute his case by responding to Defendants' Motions to Dismiss and for Summary Judgment, (3) collateral estoppel and/or res judicata based on the related federal and state court actions, and (4) lack of subject matter jurisdiction, Plaintiff's cause of action is hereby DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 13, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 13, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290